UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. SA-23-CR-117 FB |
| | § | |
| | § | |
| DEMETRIO RAMIREZ | § | |

**SENTENCING MEMO**

TO THE HONORABLE FRED BIERY, DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO, DIVISION:

COMES NOW Defendant DEMETRIO RAMIREZ, by and through her undersigned counsel, and files this Sentencing Memo drawing the Court's attention to certain facts and circumstances for the Court's consideration so that it can fashion a sentence that is sufficient, but not greater than necessary to accomplish the sentencing goals pursuant to 18 U.S.C. §3553(a) in anticipation of his sentencing hearing currently set for June 4, 2024.  Mr. Ramirez respectfully submits that the recommended guideline range of life or 600 months recommended in the PSR is greater than necessary to accomplish the sentencing goals of §3553(a) and requests that the court vary from those advisory guidelines based on the 3553(a) factors.[1]

---

[1] The Commission defines life sentences as 470 months. *See* Appendix A,  United States Sentencing Commission. Appendix A | United States Sentencing Commission (ussc.gov)

### 1.  Request for Guideline Variance

In Mr. Ramirez's case, the court should consider varying downward from the sentencing guidelines to a base offense level 39, guideline range 262-327, because the enhancements used can be construed as double counting. The application of both USSG 2G2.1(b)(1)(A), PSR ¶ 20, and 2G2.1(b)(4)(B), PSR ¶ 23, enhancements in Mr. Ramirez's case significantly impact the sentencing outcome. Both these enhancements target similar characteristics of the victim, her age. Each enhancement carries a 4-level increase in the offense level, applying both enhancements result in an 8-level increase in total. This substantial increase in the offense level leads to a much harsher sentencing outcome for Mr. Ramirez, resulting in a longer prison term and can be seen as unjustly double counting.

### 2.  History and Characteristics

Mr. Ramirez plead to sexual exploitation of children and distribution of child pornography. While the nature of the offense is undeniably serious and reprehensible, in this last year and a half, Mr. Ramirez has demonstrated profound remorse for his actions, which weigh heavily on his conscience. He acknowledges the harm he has caused to the victim and understands the gravity of his offense. The guilt and shame he feels are immense, and he is committed to taking full responsibility for his behavior and making amends for the harm he has inflicted.

### 3. The Nature and Circumstances of the Offense
4.

Mr. Ramirez married Anatasia Porter on October 16, 2016. A few years later they welcomed their only child together, Navalina Ramirez.   Shortly thereafter, Anatasia wanted to have an open marriage and live in a polyamorous relationship with her boyfriend. This news devastated Mr. Ramirez and triggered his depression. He felt if he didn't agree to Anatasia's demands to have an open marriage, he would lose access to his daughter and he would lose the woman he loved. Being in a polyamorous relationship shattered his sense of security, stability, and identity within his family unit. The fear of losing access to his daughter, whom he deeply loves and cherishes, and losing his wife, who he loved, only exacerbated his distress and desperation.

During the time that he was in this open marriage, Anatasia had two children with her boyfriend who lived with them. Feelings of jealousy, anger and revenge led Mr. Ramirez to a state of despair. It was in this state that Mr. Ramirez made a grave mistake and found himself harming his stepdaughter. He acknowledges the gravity of his actions and is not trying to excuse them. However, it is important to understand that his mental health and emotional turmoil played a significant role in his behavior.

Much like the story of Cleopatra and Mark Antony, Mr. Ramirez's experience serves as a poignant reminder of how jealousy and revenge can shape relationships and drive individuals to extreme actions, with far-reaching consequences for

themselves and others around them. Both are a testament to the enduring power of how primal emotions have the potential to cloud judgment, distort reality, and ultimately lead to ruin. Mr. Ramirez's actions were a result of these primal emotions and a severe mental health crisis that led to emotional turmoil that clouded his judgment and led him to act in a manner that he deeply regrets. Mr. Ramirez has expressed profound remorse for the harm he caused and is committed to seeking help and rehabilitation.

**5. Willingness to be Rehabilitated.**

In recognition of the severity of the offense, Mr. Ramirez is prepared to avail himself of all necessary help and support to address the underlying issues that led to his criminal conduct. While incarcerated, he is committed to actively participating in therapy, counseling, and rehabilitation programs to address his distorted thinking patterns and to develop healthy coping mechanisms. Moreover, Mr. Ramirez is determined to continue receiving support and guidance upon his release, during the period of supervised release, to ensure that he remains on the path of rehabilitation and personal growth.

Mr. Ramirez understands that his actions have had a profound and lasting impact on the victim, and he is resolved to spend the rest of his life making amends for the harm he has caused her and his family. He is committed to using his time, resources, and efforts to contribute positively to society, to raise awareness about the

consequences of his actions, and to prevent similar offenses from occurring in the future. Mr. Ramirez is determined to turn his life around, to become a better person, and to demonstrate through his actions and behavior that he is genuinely remorseful and committed to making a positive impact on the world.

Given Mr. Ramirez's genuine remorse, commitment to personal growth and rehabilitation, and determination to make amends, we respectfully urge the Court to consider a sentence within the following guideline range 262-327 with a lengthier term of supervision. This will allow Mr. Ramirez the opportunity to receive the necessary help and support to address his issues, to work towards rehabilitation, and to prove through his actions that he can be a better person and a positive member of society.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

_____

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
727 East César E. Chávez Blvd., B–207
San Antonio, Texas 78206–1205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 00798310

*Attorney for Defendan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2024, I electronically filed the

foregoing Defendant's Sentencing Memorandum with the Clerk of Court using the

CM/ECF system which will send notification of such filing to the following:

Tracy Thompson
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

_____
/s/ MARINA-THAIS DOUENAT